**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS GUSTAVO DIAZ,** | : | **CIVIL ACTION NO. 1:25-CV-2058** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN J. GREENE,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Luis Gustavo Diaz, argues that the United States Bureau of Prisons ("BOP") has improperly denied him presentence credit. Because the BOP properly determined that Diaz is not entitled to the requested credit, his petition will be denied.

## I. Factual Background & Procedural History

Diaz is an inmate in Allenwood Federal Correctional Institution ("FCI-Allenwood") who is serving a 38-month sentence imposed by the United States District Court for the Eastern District of Virginia for Racketeer Influenced and Corrupt Organization ("RICO") Act conspiracy. (Doc. 18-2 at 2). His petition seeks presentence time credit towards his sentence for 72 days that he served on a related sentence in California in 2020. (Doc. 1).

Diaz filed this case on October 31, 2025. (Id.) In response to the petition, the respondent filed a motion to stay the case on November 28, 2025, noting that prosecutors in the sentencing court had moved to amend his federal sentence to give him credit for the 72 days for which he seeks credit and that the case therefore may

be resolved without any intervention by this court. (Doc. 9). Following that motion, Diaz filed three motions to compel the respondent to respond to his petition. (Docs. 11, 13, 15). On April 7, 2026, respondent moved to withdraw the motion to stay, noting that the government had determined that recalculation of the sentence was not appropriate, and additionally moved for an extension of time to respond to the petition *nunc pro tunc* and filed a response to the petition on the same day. (Docs. 17-18). Respondent's response argues that the petition should be dismissed for failure to exhaust administrative remedies, and, alternatively, that it should be denied on its merits because the 72 days for which Diaz seeks credit has already been credited towards a related state sentence in California. (Doc. 18).

The court granted the motion to withdraw the motion to stay and the motion for extension of time on April 8, 2026, lifted the stay, accepted the response as timely filed, and allowed Diaz to file a reply brief in support of his petition within fourteen days. (Doc. 19). Diaz did so on April 20, 2026, making the petition ripe for review. (Doc. 20). Diaz argues, *inter alia*, that respondent's response to his petition should be stricken as untimely, that respondent's exhaustion and merits arguments should be deemed waived, and that respondent should be barred from arguing against Diaz receiving the relevant time credits towards his sentence on the basis of judicial estoppel because the government previously conceded that he should receive that credit before the sentencing court. (Id.) Diaz additionally filed a motion to expedite resolution of this case on May 22, 2026. (Doc. 21).

## II. Discussion

### A. Untimeliness and Waiver

At the outset, the court will address Diaz's arguments that respondent's response to his petition should be stricken as untimely and that respondent should be deemed to have waived his exhaustion and merits arguments as a result of the untimely filing. These arguments are meritless. This court granted respondent's motion for extension of time and accepted the response to the petition as a *nunc pro tunc* filing. (Doc. 19). Thus, the response is timely, because the court deemed it timely.

There is also no basis to conclude that respondent waived or forfeited any arguments by virtue of not responding to Diaz's petition within the timeline originally set by the court in its order to show cause. Respondent had an arguable basis to seek to stay the case because of the government's motion to amend Diaz's sentence in the sentencing court, and respondent's motion to stay remained pending until the court ruled on the motion—by granting the motion to withdraw it—on April 8, 2026. Accordingly, petitioner's timeliness and waiver arguments are rejected.

### B. Exhaustion

Turning next to the exhaustion issue, although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed.

Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Here, respondent argues that Diaz failed to exhaust administrative remedies because he was required to file an appeal to the BOP's regional office by August 12, 2025, but did not do so until August 27, 2025. (Doc. 18-13 at 3). Diaz argues that his appeal was timely because he mailed the response on July 28, 2025. (Doc. 20 at 12). He filed a mail slip confirming this fact. (Doc. 2-6 at 2).

Diaz is correct. Under the prisoner mailbox rule, a document is deemed filed on the date that it is submitted to prison officials for mailing, not on the date it is received. Pabon v. Mahanoy, 654 F.3d 385, 391 (2011). Thus, the BOP should have treated Diaz's appeal as filed on July 28, 2025, and deemed it timely on that basis. As soon as the BOP failed to do so, Diaz no longer needed to complete the exhaustion process. Shifflett v. Korszniak, 934 F.3d 356, 359 (3d Cir. 2019). Thus, respondent's argument that Diaz failed to exhaust administrative remedies fails.

**C. Merits**

Diaz's request for presentence credit is governed by 18 U.S.C. § 3585. Under Section 3585, a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute provides that the defendant is to be given credit:

> for any time he has spent in official detention prior to the date the sentence commences—
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. § 3585(b).

Under the primary custody doctrine, when a defendant faces prosecution by both a state government and the federal government "the first sovereign to arrest

the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign." Taccetta v. BOP, 606 F. App'x 661, 663 (3d Cir. 2015) (citing Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982)).

Diaz's petition appears to seek credit for the 72 days in which he was serving his California sentence pursuant to Willis v. United States, 438 U.S. F.3d 923 (5th Cir. 1971), Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), and the BOP program statement applying those decisions. Willis and Kayfez recognize a limited exception to Section 3585(b)'s prohibition on double counting for presentence credit in situations "where a credit against a concurrent state sentence 'would not benefit the defendant except that he would be serving only one sentence instead of two concurrent ones.'" Taccetta, 606 F. App'x at 664 (quoting Kayfez, 993 F.2d at 1290). In such a situation, Willis and Kayfez allow credit to be applied to the defendant's federal sentence even if the defendant already received credit for the same period towards his state sentence. Id. The Willis rule applies only when (1) the state and federal sentences are concurrent; and (2) the "effective full term"—i.e., the full sentence length not including any potential time credits—of the state sentence is equal to or shorter than the federal sentence. Id. The Kayfez rule applies only when (1) the state and federal sentences are concurrent; and (2) the effective full term of the state sentence is shorter than the federal sentence once qualified presentence time has been applied to the sentence. Id. The BOP applies both the Willis and Kayfez rules nationwide pursuant to a BOP program statement. Id.

Neither the Supreme Court nor the United States Court of Appeals have ever adopted the Willis and Kayfez rules in a precedential opinion. The only precedential Third Circuit case that has discussed the scope of Willis and Kayfez is Rios v. Wiley, where the court noted in dicta that the BOP's rule adopting the cases "seemingly conflicts with the plain language of section 3585(b)." Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000). The court, however, did not squarely address whether Willis and Kayfez credits are proper under the statute, noting the issue was not before the court. Id.

Nevertheless, several nonprecedential decisions in this circuit have applied Willis and Kayfez in deference to the BOP's policy applying them. See, e.g., Taccetta, 606 F. App'x at 663 ("The BOP's view of § 3585, as expressed through an interpretative rule, is entitled to 'some deference so long as it sets forth a permissible construction of the statute.'" (quoting Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011))); Shahid v. Schultz, 272 F. App'x 150, 154 (3d Cir. 2008) ("Affording the BOP's Program Statement the deference it is due, we cannot declare it invalid on the basis of the challenge lodged against it by Shahid." (quoting Rios, 201 F.3d at 275)).

Deference to the BOP's policy may have been justified at the time these decisions were issued, but after the Supreme Court's decision in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), it no longer is. In Loper Bright, the

Court overruled the Chevron doctrine,[1] which required courts to defer to an administrative agency's reasonable interpretation of an ambiguous statute. Id. at 412. Under Loper Bright, courts are to give due regard to an agency's expertise in a particular field, but are no longer bound by the agency's interpretation of the statute. Id. at 403. Courts must interpret a statute without deferring to an agency's policy preference that is not expressed in the language of the statute. Id. at 403-04.

Viewed without binding deference, the BOP's policy adopting Willis and Kayfez is plainly contradictory to the language of 18 U.S.C. § 3585(b). Both Willis and Kayfez allow a defendant to receive credit towards his sentence for presentence time that has already been credited towards the defendant's state sentence. See Taccetta, 606 F. App'x at 664. Section 3585(b), however, clearly states that presentence credit may only be awarded towards a federal sentence for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Although the BOP policy adopting Willis and Kayfez and allowing double counting of some presentence time may be good policy, it is plainly not a policy that is allowed by the language of the statute. Hence, this court must apply the language of Section 3585(b) and deny Diaz's request for credit because time for the relevant period was already credited towards his state sentence.

[1] See Chevron, U.S.A., Inc. v. Nat. Resources Defense Council, Inc., 467 U.S. 837 (1984).

### D. Estoppel

Finally, the court addresses Diaz's judicial estoppel argument. The judicial estoppel doctrine recognizes that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)). For judicial estoppel to apply, a party's legal position "must be clearly inconsistent with its earlier position." Id. (internal quotation marks omitted). The court should also determine whether the party prevailed on its assertion of the earlier position "so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" Id. (quoting Edwards v. Aetna Life Co., 690 F.2d 595, 599 (6th Cir. 1982)). Finally, the court should determine whether allowing the party to take the inconsistent position in the second case "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. (citing Davis, 156 U.S. at 689).

Judicial estoppel does not apply in the instant case because the court finds that the government's position in the instant case is not inconsistent with the earlier position. In Diaz's criminal case, the government "respectfully submit[ted] that it would be appropriate to add to the Petitioner's Judgment that he 'shall receive credit for time served, which shall include the seventy-two (72) days the

defendant served in custody in California,'" in order to treat Diaz consistently with one of his codefendants who had been given presentence credit for a similar period of time. See United States v. Diaz, No. 2:24-CR-28-7, ECF Doc. No. 356 (E.D. Va. Nov. 14, 2025). Thus, the government suggested that the sentencing court should amend Diaz's criminal judgment in the interest of fairness.

In the instant case, by contrast, respondent contends that Diaz should not be granted habeas corpus relief compelling the BOP to give him credit for time that he served in California because the relevant period was already credited towards his California sentence, and crediting the time towards his federal sentence would therefore create double counting that is barred by 18 U.S.C. § 3585.

The court finds that these positions are not "clearly inconsistent." In one case, the government advocated for the sentencing court to grant Diaz time credit in the interest of fairness; in the other case, it is invoking the limits of the BOP's authority to grant such credit. Suggesting that the sentencing court take an action does not necessarily imply that the BOP should—or can—take the same action.

Moreover, estoppel doctrines cannot expand the authority of a government agency to take an action that the agency is explicitly barred from doing by statute. See Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 432 (1990) (noting that because "the relevant statute by its terms excludes respondent's claim" for monetary benefits, "his remedy must lie with Congress"); United States v. City & Cnty. of San Francisco, 310 U.S. 16, 32 (1940) ("[T]he United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement

or agreement to do or cause to be done what the law does not sanction or permit.”). Here, Section 3585 explicitly bars Diaz from obtaining credit for the relevant time period and judicial estoppel cannot compel the government to act contrary to the statute.

## III. Conclusion

The petition for writ of habeas corpus is denied. Petitioner’s motion to expedite will be denied as moot. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 21, 2026